UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DANNY ORTEGA, JR., | Civil No. 15-4116 (JRT/JSM) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| STEVE HAMMER, Warden, MCF-STW, | |
| Respondent. | |

Danny Ortega, Jr., #231177, MCF-Stillwater, 970 Pickett Street North, Bayport, MN 55003, *pro se*.

Matthew Frank, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101, for respondent.

Petitioner Danny Ortega, Jr. commenced this § 2254 habeas action on November 13, 2015, challenging his Minnesota state court conviction for, among other things, first-degree premeditated murder. (Pet. for Writ of Habeas Corpus ("Habeas Pet."), Nov. 13, 2015, Docket No. 1.) Ortega was convicted by a jury in 2008, and he appealed his conviction to the Minnesota Supreme Court, arguing that the district court improperly denied his motion to suppress a confession he made to law enforcement. *State v. Ortega* ("*Ortega I*"), 798 N.W.2d 59, 67 (Minn. 2011). The supreme court disagreed and affirmed Ortega's conviction. *Id.* at 73. Then in 2013, Ortega filed a petition for post-conviction relief in state court, arguing that since the date of his conviction, a witness against him at trial told Ortega's grandfather that he was recanting

his testimony. Ortega also offered an affidavit from his father, also a co-defendant in the original case, claiming that Ortega was innocent. The state court denied Ortega's petition, and the Minnesota Supreme Court affirmed that denial in 2014. *Ortega v. State* ("*Ortega II*"), 856 N.W.2d 98 (Minn. 2014). The supreme court found that Ortega had not met his burden of showing that a reasonable jury might have reached a different conclusion if the alleged recanted testimony had not been offered at trial. *Id.* at 104-05. The supreme court also noted that although Ortega's petition did claim that he was entitled to a new trial because of newly discovered evidence and ineffective assistance of counsel, those claims were deemed waived because he did not make arguments in support to the district court and he did not raise the issues on appeal. *Id.* at 102 n.4.

In the instant petition, Ortega cites the following three grounds for federal habeas relief. **Ground 1**: His "confession was obtained without a valid waiver of his right to counsel and the right to remain silent," in violation of the Fifth and Sixth Amendments to the Constitution. (Habeas Pet. at 6.) **Ground 2**: (a) His trial "counsel was Ineffective in failing to conduct a reasonable Pre-trial investigation"; (b) his "Appellate Counsel failed to raise the issue/claim of ineffective assistance of trial counsel"; and (c) his "Postconviction Counsel was Ineffective for not Briefing the issue/claims." (*Id.* at 8.) **Ground 3**: "The evidence was insufficient as a matter of law to support a conviction for First Degree Murder because the State did not prove, beyond a reasonable doubt, the element of Burglary, or Premeditation." (*Id.* at 9.)

Respondent Steve Hammer moved to dismiss Ortega's petition on January 11, 2016, and United States Magistrate Judge Janie S. Mayeron issued a report and

recommendation ("R&R") on July 1, 2016, recommending that the Court grant Hammer's motion and dismiss Ortega's petition with prejudice. (R&R, July 1, 2016, Docket No. 8.) The Magistrate Judge concluded that Grounds 1, 2(a), 2(b), and 3 of Ortega's petition were time-barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations governing habeas actions. (*Id.* at 10-12.) The Magistrate Judge also concluded that Ground 2(c) "is not cognizable on federal habeas review" because there is no constitutional right to effective assistance of counsel in post-conviction proceedings. (*Id.* at 12-13.) And the Magistrate Judge alternatively concluded that even if Ground 2(c) could be construed as a "freestanding" claim for newly discovered evidence, Ortega did not properly raise the issue in his state post-conviction proceedings, and there was no basis to excuse him from this procedural default. (*Id.* at 13 n.2.)

Ortega now objects to the R&R. (Objs, July 29, 2016, Docket No. 11.) Because the Magistrate Judge did not ignore Ortega's arguments in response to Hammer's motion to dismiss and found that Grounds 1, 2(a), 2(b), and 3 of Ortega's petition are time-barred; Ortega had no constitutional right to post-conviction counsel; and Ortega has not met his burden for an actual-innocence gateway claim, the Court will adopt the R&R of the Magistrate Judge, grant Hammer's motion to dismiss, deny Ortega's habeas petition, and dismiss the action with prejudice.

## ANALYSIS

I.   STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

II.   ORTEGA'S OBJECTIONS

In his first objection, Ortega contends that the Magistrate Judge incorrectly stated in the R&R that he did not file a response to Hammer's motion to dismiss.  (Objs. at 1-2.) Ortega argues that he did file a response, and that the Magistrate Judge's statement to the contrary demonstrates that she intentionally failed to consider his arguments in deciding the R&R, causing him to be prejudiced.  (*Id.*)  Ortega has submitted as exhibits two documents that he claims he filed on February 23, 2016, in response to Hammer's motion.  (Traverse, July 29, 2016, Docket No. 13; P. & A., July 29, 2016, Docket No. 14.)  The Court, however, has reviewed the docket and neither document was filed prior to Ortega's present objections.  The Court thus finds that Magistrate Judge did not, intentionally or otherwise, fail to consider Ortega's purported response memoranda.  The Court also notes that it has reviewed Ortega's new documents – in an abundance of caution, on the chance that he did attempt to file them and was unsuccessful due to, for example, a clerical error by the Clerk's Office – and finds that they have no bearing or

impact on the Magistrate Judge's recommendations in the R&R.  The documents merely restate, with more detail, the arguments that Ortega already made in his habeas petition.  Accordingly, the Court will overrule Ortega's first objection.

In his second objection, Ortega argues that the Magistrate Judge erred by failing to address his substantive arguments in support of Grounds 1, 2(a), 2(b), and 3 of his petition and instead recommending that those claims be denied on statute-of-limitations grounds.  (Objs. at 2-4.)  Ortega does not point to any particular flaw in the Magistrate Judge's determination that his claims are time barred under 28 U.S.C. § 2244(d)(1); he only states that she erred by not also reaching the merits or addressing errors that the state court allegedly made.  (*Id.*)  But the Court will overrule this objection because the Magistrate Judge's statute-of-limitations determination was correct.   Section 2244(d)(1) provides for a "1-year period of limitation" for federal habeas petitions, which begins to run, for purposes relevant here, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  When a prisoner decides not to seek direct review of a state court judgment in the United States Supreme Court, the judgment becomes final when the time for filing a petition for writ of certiorari expires, which is 90 days.  *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012); *see* Sup. Ct. R. 13.1.  The limitations period is tolled while state post-conviction proceedings are pending.  28 U.S.C. § 2244(d)(2).  But the limitations period "cannot be tolled after it has expired."  *Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006).

Here, Ortega's direct appeal to the Minnesota Supreme Court was decided on June 1, 2011, *Ortega I*, 798 N.W.2d 59 (Minn. 2011), and he did not file a petition for writ of certiorari in the Supreme Court. Accordingly, his conviction became final 90 days later on or about August 31, 2011, and the one-year limitations period expired on or about August 31, 2012. Ortega's state petition for post-conviction relief did not toll this limitations period because he filed it on May 31, 2013, after the limitations period had already expired. Thus, Ortega's instant petition, filed on November 13, 2015, was approximately a year and a half too late under § 2244(d)(1). Grounds 1, 2(a), 2(b), and 3 of his petition – which derive from his conviction – are therefore time barred, and the Magistrate Judge did not err by not addressing the substantive merits of those claims.

In his third and final objection, Ortega raises two arguments, both of which are unavailing. He continues to press his arguments that the trial court erred by denying his motion to suppress and that he received ineffective assistance of counsel at the trial, appellate, and post-conviction levels. (Objs. at 4-5.) But as the Magistrate Judge correctly determined in the R&R, those claims are barred either by the one-year statute of limitations governing habeas actions, 28 U.S.C. § 2244(d)(1), or the fact that, in general, there is no constitutional right to effective assistance of counsel in state post-conviction proceedings, *see Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

Ortega also argues that the Court should reject the Magistrate Judge's statute-of-limitations recommendation because he is actually innocent. (Objs. at 5-7.) A prisoner may indeed overcome the one-year statute of limitations for federal habeas petitions upon a showing of actual innocence based on new evidence. *McQuiggin v. Perkins*, 133 S. Ct.

1924, 1931-35 (2013).  The actual-innocence standard for this type of "gateway" claim, however, requires the prisoner to establish that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Id.* at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  In evaluating whether this standard has been meet, the Court "may consider how the timing of the submission and the likely credibility of [a petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence]."  *Id.* at 1935 (quoting *Schlup*, 513 U.S. at 332).

Here, Ortega has not satisfied the actual-innocence standard for a gateway claim.  Ortega appears to argue that he is actually innocent on four grounds: (1) his father, a co-defendant, now claims that he alone committed the murder, (2) a witness against Ortega at trial told Ortega's grandfather that he was recanting his testimony, (3) law enforcement coerced Ortega into confessing to the crime, and (4) there was insufficient physical evidence linking Ortega to the crime.  (*See* Habeas Pet. at 20; P. & A. at 3-4, 19, 22-24, 27.)  But Ortega simply relies on testimony that his father and grandfather will apparently give, as well as his own speculation and conjecture, to support these allegations.  The Court finds that this allegedly new evidence – self-serving potential testimony from close family members, speculation, and conjecture – does not credibly show that no juror, acting reasonably, would have voted to find Ortega guilty beyond a reasonable doubt.  The Court also notes that Ortega has not been diligent in presenting this allegedly new evidence.  Ortega already raised the first two grounds cited above during collateral review in state court.  *See Ortega II*, 856 N.W.2d at 102 n.5, 103-05.  And he would have known about grounds three and four before and at his trial, respectively.  Yet Ortega

waited until approximately a year and half after the expiration of the statute of limitations to file the instant habeas petition. This lack of diligence further supports the Court's finding that Ortega's actual-innocence gateway claim is not credible. *See McQuiggin*, 133 S. Ct. at 1936 (holding that a court may consider the "petitioner's diligence" in submitting new evidence "as part of the assessment whether actual innocence has been convincingly shown"). The Court will accordingly overrule Ortega's third objection.[1]

Having overruled all of Ortega's objections, the Court will adopt the R&R of the Magistrate Judge, grant Hammer's motion to dismiss, deny Ortega's habeas petition, and dismiss the action with prejudice.

### III.  CERTIFICATE OF APPEALABILITY

As a final matter, Ortega cannot appeal this Order without a certificate of appealability, and the Court cannot grant one unless he has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1), (c)(2); Fed. R. App. P. 22(b)(1). "That standard is met when 'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner.'" *Welch v. United States*, 136 S. Ct. 1257, 1263 (2016) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the Court finds no basis to conclude that reasonable jurists

---

[1] To the extent Ortega seeks an evidentiary hearing on the issue of actual innocence, the Court will also deny that request, as Ortega has not "made a sufficient showing of actual innocence to warrant a hearing on the issue." *Barrington v. Norris*, 49 F.3d 440, 442 (8th Cir. 1995).

would find the rejection of Ortega's petition debatable or wrong. The Court thus declines to grant a certificate of appealability.

## ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, the Court **OVERRULES** Petitioner Ortega's Objection [Docket No. 11] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 8]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Hammer's Motion to Dismiss [Docket No. 3] is **GRANTED**.

2. Ortega's Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED**.

3. The action is **DISMISSED with prejudice**.

4. For the purposes of appeal, the Court does **NOT** grant a certificate of appealability under 28 U.S.C. § 2253(c).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 7, 2016  
at Minneapolis, Minnesota.

\_\_\_\_s/ John R. Tunheim\_\_\_\_\_  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court